Scribner, J.
On [November 12, 1858, The .¿Etna Life Insurance Company executed and delivered to Anna L. Thayer, then in life, a policy of insurance in the sum of $3,000 on the life of Lyman T. Thayer, then the husband of the said Anna L. Thayer. By the terms of the policy the insurance company bound itself, upon the performance of the conditions therein named, including the payment of certain stipulated premiums, to pay to the assured, her executors, administrators or assigns, *588 for her sole and separate use and benefit, the sum above mentioned, within ninety days after due notice and proof of the death of the said Lyman T. Thayer.
By the terms of said policy the said Insurance Company further agreed, that in case of the death of the said Anna L. Thayer before the decease of the said Lyman T. Thayer, the amount of saidlnsurance money should be payable to their children.
The said Anna L. Thayer died about the 20th of May, 1883, childless, leaving her said husband surviving her. She left a last will and testament, by the terms of which she bequeathed all her personal estate to her husband, and constituted him executor thereof. This will was regularly admitted to probate in Lucas county, and the said Lyman T. Thayer duly qualified as the executor of the estate. He died November 22, 1888, without having fully administered thereon. On December 5, 1888, the plaintiff in the present action was appointed administrator de bonis non with the will annexed, of the estate of the said Anna L. Thayer, deceased, and having duly qualified as such, brought this action, April 5, 1889, in his said representative capacity against the Insurance Company upon said policy of insurance, demanding judgment for the entire amount thereof.
On the 4th of May, 1889, the Insurance Company filed an affidavit under the provisions of the Rev. Stat., sec. 5016, setting forth that it was ready to pay the money on the policy, but that one Emergine Clark, as administrator of the estate of Mary H. Clark, deceased, claimed to own the money; that one Andrew Brown also asserted a claim thereto, and that one Eliza A. Clark also claimed to be entitled thereto. The company asked that these claimants be brought in and required to interplead, and that it be discharged from liability.
On May 16, 1889, an order of interpleader was made by the court, as requested, directing the Insurance Company to pay the money to the clerk, and that the three persons named in the affidavit be notified to appear within thirty days and *589 maintain or relinquish their respective claims against the Insurance Company, or to the insurance money. The Insurance Company, in obedience to this order, paid the insurance money to the clerk, and was thereupon discharged. The required notice was given to each of the claimants, and each of them filed an answer and cross-petition.
The answer of Eliza A. Clark was filed June 12, 1889, and set up that she was entitled to the whole of the money because the policy had been assigned to her by Lyman T» Thayer, August 20, 1885, but that her right was subject to the rights of Mary H. Clark, her legal representatives and assigns, which rights arose out of an assignment of the policy, December 4, 1884, by Mr. Thayer, to said Mary H. Clark as collateral security for the payment of $250, borrowed; and the further claim,-whatever it might be, for premiums paid on said policy by said Mary H. Clark, and her legal representatives and assigns until the death of Mr. Thayer.
Andrew Brown, on the 27th of June, 1889, filed his answer and cross-petition claiming the whole of the insurance money in virtue of his acquirement of the right of Mary H. Clark by assignment, and also by virtue of a purchase at a sale of the policy as a pledge for the repayment of said loan of $250.00, and the premiums paid on the policy.
On the 7th of August, 1889, Emergine W. Clark, as the legal representative of Mary H. Clark, filed her answer and cross-petition disclaiming any interest in the policy, or the money called for by it, but stating that as administratrix of Mary H. Clark, she had assigned the interest of the latter to the defendant Brown.
On October 7, 1889, the plaintiff, Pratt, replied to the answer and cross-petition of Brown, denying his right in toto. At the same time he replied to the answer and cross-petition of Eliza A. Clark, denying the allegations thereof, or that she had any right to the policy, or that Mr. Thayer had any ownership therein, or a right to assign or dispose of it.
On the 28th of October, Elizah A. Clark replied to the an *590 swer and cross-petition of Brown, conceding that he was entitled to the $250.00, with interest, and to premiums paid, with interest, and claiming the balance.
On November 2, 1889, the plaintiff amended his reply to the answ;er and cross-petition of Eliza A. Clark, enlarging somewhat the statements of his first reply, but denying that she had any right to any part of the money.
In his several replies Mr. Pratt further averred that the estate of Mrs. Thayer was insolvent. .
While the pleadings were in this condition, the plaintiff Pratt applied for, and obtained leave to become a party defendant in the case as the executor of the last will of Lyman T. Thayer, deceased, with leave to file an answer and cross-petition. He filed an answer and cross-petition accordingly, and set up that he was the executor of Mr. Thayer’s will; that the latter was insolvent at, and prior to the death of Mrs. Thayer, and so continued until his death; and he alleged that if the court should find that he as the administrator of Mrs. Thayer’s estate was not entitled to the money, that then he would be entitled thereto as the executor of Mr. Thayer’s will, and he prayed judgment accordingly for the whole fund. Eliza A. Clark replied to this answer and cross-petition, denying Thayer’s insolvency, and insisting upon her right to the money.
Each of these contesting parties, in their several answers and cross-petitions, prayed a recovery in accordance with the respective claims made therein.
At the September term, 1890, of the court of common pleas, the case was heard on its merits, having been submitted to the court, and a decree, with findings, was rendered, in which it was adjudged that the assignment by Mr. Thayer of the policy to Mary H. Clark, in 1884, was valid, and that Andrew Brown, as the assignee of her rights, was entitled to about $1,000 of the fund.
The court also found that the policy was, in 1885, assigned by Mr. Thayer to Eliza A. Clark, but that this assignment was, as against the creditors of the insolvent estate of Mrs. *591 Tnxyer, invalid, being in the nature of a gift, and denied to this claimant any part of the money. The residue was awarded to the plaintiff as the administrator of Mrs. Thayer. His claim as the exécutor of Mr. Thayer was entirely disallowed.
The court made a special order as to the payment of the costs, requiring that in the main they should be paid from the fund.
From this judgment of the court of common pleas the defendant, Eliza A. Clark, appealed, and the case is now before us on motion of the plaintiff to dismiss the appeal. The ground of this motion is that the case is one in which either party was entitled to a trial by jury, and therefore that it is not appealable.
The question thus presented for our consideration is important, and somewhat difficult of solution.
The plaintiff, as the personal representative of Mrs. Thayer, brought his action upon a money demand. His claim was founded upon a contract of insurance entered into by the defendant with Mrs. Thayer. As already stated, the defendant did not deny the execution of this contract, nor its liability thereon; but it came in and informed the court that there were other claimants to the fund besides the plaintiff, and that it was ready to make payment to whoever should be found entitled thereto. Upon its application the several claimants were brought in and required to interplead ; the company was ordered to pay the money due upon the policy into court, which order it complied with, and was thereupon discharged.
Had the company elected so to do, it might, while admitting its liability upon the policy, have denied the right of the plaintiff to' the fund. It might have denied that the estate of Mrs. Thayer had any interest therein, and alleged that the ownership of the policy and the right to the money due thereon were in orfe or more of the other claimants. Upon the trial'of such an issue, either party would be entitled to a jury. But in such a proceeding the company *592 would not only take upon itself the burden and expense of the litigation, but also the risk, in the event of defeat, of being compelled to encounter a like litigation with the other claimants, and the hazard of being required to pay a second or third time, the amount due upon the policy.
It was to meet emergencies of this kind that section 5016 of the Rev. Stat. was enacted, and it was under its provisions that the company made application to the court for the order requiring the several claimants of the fund to come in and interplead, and have their several claims settled and adjusted. Having complied with the order of the court in this regard, .the company was relieved from further trouble and responsibility.
Section 5016 reads as follows :
“ Upon affidavit of a defendant before answer, in an action upon contract or for the recovery of personal property, that a third party, without collusion with him, has or makes a claim to the subject of the action, and that he is ready to pay or dispose of the same as the court may direct, the court may make an order for the safe keeping, or for the payment or deposit in court, of the subject of the action, or the delivery thereof to such person as it may direct, and also an order requiring such third party to appear in a reasonable time, and maintain or relinquish his claim against the defendant; and if such third party, having been served with a copy of the order by the sheriff or such other person as the court may direct, fail to appear, the court may declare him barred of all claim in respect to the subject of the action against the defendant therein ; but if he appear, he shall be allowed to make himself defendant in the action, in lieu of the original defendant, who shall be discharged from all liability to either of the other parties in respect to the subject of the action, upon his compliance with the order of the court for the payment, deposit or delivery thereof..”
It will be observed that this section, which, is a substantial re-enactment of section 42 of the civil code, and of an old Eng *593 lish statute upon the same subject, gives to tbe defendant the-right to require an interpleader only in an action upon contract, or for the recovery of personal property. By section 5013, “ when a determination of the controversy cannot be had without the presence of other parties, the court may order them to be brought in by section 5014, “ in an action for the recovery of real and personal property, a person claiming an interest in the property, may, on his application, be made a party.” Sections 5017 and 5018 make provision for inter-pleader in cases where there are adverse claimants to the property taken on execution or attachment.
The present action being upon contract, and not for the recovery of real or personal property, the defendant alone had the right to require the conflicting claimants to be brought in. In the case of Hillier v. Stewart, 26 Ohio St., 652, the following proposition was decided by the Supreme Court: “In an action on a promissory note by the holder against the maker, it is irregular and improper for the court to let in a new party on his own motion and against the objection of the plaintiff, with leave to file an answer and cross-petition to contest the bona fides of the plaintiff’s titl® to the note and to assert therein an equity of the cross-petitioner derived through the plaintiff’s assignor, who is also a necessary party to the determination of the case made in the cross-petition. Such relief should be sought by an original petition.”
The adverse claimants in this action, however, having been brought in as before stated, asserted their respective claims to the fund in controversy, and issue was joined thereon.
The plaintiff, in behalf of the estate of Mrs. Thayer, claimed the whole fund.
The defendant Andrew Brown, by his cross-petition also claimed the whole fund.
The defendant Eliza A. Clark, by her cross-petition in like manner claimed the entire fund, except an inconsiderable portion thereof, which she conceded to. Andrew Brown.
The personal representative of the estate of Lyman T„ *594 Thayer claimed the entire fund in case it should be found that the estate of Mrs. Thayer was not entitled thereto.
It may be here stated that the following propositions have been settled by the Supreme Court:
First — Proceedings in interpleader in an action on contract for the recovery of money only do not convert the action into a proceeding in rem against the fund ; it continues, in its legal aspects and characteristics, to be an action in personam against the debtor, in favor of the respective claimants, for the recovery of money. Cross v. Armstrong, 44 Ohio St. 613, 623-4.
Second — Nor in such action does the interpleader have the effect of changing it into a ‘ special proceeding.’ It remains a “civil action,” and must be proceeded in accordingly. Maginnis v. Schwab, 24 Ohio St. 336.
In this case the syllabus is as follows:
1. “ Where, pursuant to the 42d section of the code, a new party is brought in and allowed to make himself defendant in the action in lieu of the original defendant, who, bringing the subject of the action into court, is discharged from liability on account thereof; the case is not thereby changed to a ‘ special proceeding,’ but remains a ‘ civil action,’ and must be proceeded in between the remaining parties to the case, as a civil action.
2. “ Where such action was brought for the recovery of money, and the defendant caused a third party, claiming the money, to be made defendant in his place, and, depositing the money in court, was discharged from liability therefor under said section of the code, and an issue of fact was joined between the plaintiff' and the substituted defendant, material to the determination of the right of the parties to the money claimed by both,
“ Held : That the action being for the recovery of money only, either party had a right, under the code, to demand a trial of the issue by a jury, and that, therefore, under the statute the case was one for a second trial, and not for appeal to the district court.”
*595 The foregoing was a suit brought by the plaintiff Maginnis against the defendant Dixon, on a promissory note for $1,704.88. After the commencement of the action the defendant paid to the plaintiff $1,250.00, and filed an affidavit under section 42 of the civil code, stating that one Caroline •Schwab, wife of Peter Schwab, claimed the balance due ; that he was ready to pay the same as the court might direct. The ■court ordered Dixon to pay the balance of $454.88 into court >to abide its further order. Dixon paid in the money, and was discharged from the action. Mrs. Schwab having been brought in, filed her answer and cross-petition, and the case proceeded to final judgment. A jury trial was allowed against the objections of the plaintiff. The case was carried to the Supreme Court and there resulted as shown in the syllabus above quoted.
And in the case of Warner v. Judge, 5 C. C. R. 16, a person owing money filed his petitition under section 5016 of the statute, setting forth that two persons claimed the fund. He made them both parties, and they were required to interplead. The court held, upon the authority of the case above cited, that the issue between the contesting parties was triable to a jury, and that there was no appeal.
Under the ruling in 44 Ohio State Reports above cited, to the effect that notwithstanding the payment of the money into court, the proceeding retains its character of an action in personam, there was, in legal contemplation and effect, an action by the plaintiff against the company for the whole fund ; also a like action by the defendant Brown for the whole fund; also a like action by the executor of Lyman T. Thayer for the whole fund; also an action hy Eliza A. Clark for the greater portion of the fund. Either of these actions, if brought separately, would be triable to a j ury. Does the fact that they are united in one action make any difference ? Under the decision made in Maginnis v. Schwab, above cited, we think not.
The most serious question arises with respect to the claim of Eliza A. Clark, which is for a portion of the fund only. Under our old system of practice there eould be no splitting of *596 a single cause of action so as to subject the debtor to several suits by the owners of seperate portions thereof. The remedy in such case was in equity, where all the parties in interest might be brought in. But we think that under the doctrine laid down in Gunsaullus, Adm’r v. Pettit, Adm’r, 46 Ohio St. 27, while separate actions may not be brought in such case by the several owners of separate portions of the demand, nevertheless, that in an action to which all the claimants are made parties, a right to a trial by jury would exist. Nor do we think that in a case like the present the right of other parties to a jury trial should be taken away by the mere fact that one of the litigants claims a portion only of the fund.
Messrs. Pratt & Wilson, for the motion.

J. G. Lee, Esq., contra.

The case cited from 24 Ohio St. 326, 343, bears directly upon this point. There the plaintiff claimed the entire fund, and the interpleading claimant a portion of it only. Had there been no interpleader, upon a recovery by the plaintiff and payment of the money to him, Eliza A. Clark could have maintained an action at law against him for the recovery of her share, and upon the trial of ¡such action, either party would have been entitled to a trial by jury. Chapman v. Lee, 45 Ohio St. 356. See also, Hillier v. Stewart, 26 Ohio St. 652, 657-8, and 24 Ohio St. 343, 344.
The ease as it was made on the pleadings, would go to a jury for trial nponthe issues presented precisely as it went to the court. The jury would determine from the testimony, under the instructions of the court as to the law of the ease, to whom the money belonged, and return their verdict accordingly. If they found that a portion belonged to one claimant and a portion to another, they would make their award in.accordance with such finding. If they found that the entire fund belonged to one claimant, their verdict would be in his favor for the amount so found. Upon the verdict so returned, judgment would be rendered by the court.
Entertaining these views it results that the motion must be granted, and the appeal dismissed.